FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR 17 P 2: 48
CLERK JBurton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

QUINTON D. LA'COUNT,        )
                            )
    Plaintiff,               )
                            )
v.                          )   CV 111-120
                            )
FNU WILLIAMSON,[1] et al.,  )
                            )
    Defendants.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at McDuffie County Jail (the "Jail") in Thomson, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C.

---

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect that Plaintiff has named "FNU Williamson" as a Defendant in this action rather than "FNU Williams." (See doc. no. 1, p. 1.)

§§ 1915(e) & 1915A.[2]

I. **BACKGROUND**

Plaintiff names the following Defendants in his complaint, all of whom appear to be officials at the Jail: (1) Major Williamson; (2) Captain Durden; and (3) Sergeant Emma Cartledge. (Doc. no. 1, p. 1.)

The majority of Plaintiff's allegations concern the general conditions of his confinement at the Jail. For example, Plaintiff alleges that the showers are not clean and that Jail officials will not give the inmates anything to clean them. (Id. at 5.) He also complaints that "the towels and bath cloths" are "old and dry," and that he once had to go without hot water for over 48 hours. (Id.)

Plaintiff asserts that Defendant Cartledge withholds the inmates' weekly allotment of toothpaste, soap, tissue, and shampoo, telling the inmates that they should buy these supplies from the Jail store. (Id.) Similarly, Plaintiff complains that the Jail will not give inmates free t-shirts and underwear. (Id. at 7.) Plaintiff also alleges that Defendant Cartledge has, on more than one occasion, taken stamps sent to him by his family so that he would have to buy stamps from the Jail store. (Id.)

In addition, Plaintiff complains that unidentified Jail officers "won't let [him] go to

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

2

the doctor or dentist" and refused to provide him with information needed to file a grievance over the matter. In his demand for relief, Plaintiff asks the Court to order an inspection of the Jail, and he appears to request that the Court grant injunctive relief by ordering the Jail to rectify the conditions identified by Plaintiff as improper. (See id. at 6.)

## II. DISCUSSION

### A. No Eighth Amendment Claim Based on General Conditions of Confinement

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's allegations regarding the general conditions of his confinement fail to state a claim for the violation of his Eighth Amendment right to be free from cruel and unusual punishment. As noted above, Plaintiff alleges that the Jail's showers are unsanitary, and he complains about the poor quality of the towels and wash cloths. In addition, he alleges that Jail officials have refused to provide him with free supplies such as toothpaste, soap, and t-shirts. (Doc. no. 1, pp. 5-7.) However, limited periods of incarceration in unsanitary conditions are generally insufficient to evidence an Eighth Amendment violation. See, e.g., Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation). Moreover, Plaintiff does not allege that he has been completely deprived of the supplies in question, only that they are not provided free of cost. (See doc. no. 1, pp. 5, 7.) Simply put, Plaintiff's allegations fail to demonstrate

any deprivation of "the minimal civilized measure of life's necessities." See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (noting that the fact that the plaintiff had to sleep upon a mattress on the floor or on a table is not necessarily a constitutional violation). As a result, he fails to state a viable claim based on his allegations regarding the general conditions of his confinement at the Jail.

**B.    No Eighth Amendment Claim for Deliberate Indifference to a Serious Medical Need**

Plaintiff's allegations are likewise insufficient to state a viable claim for deliberate indifference to a serious medical need. Indeed, the extent of Plaintiff's allegations in this regard is that Jail officers "won't let [him] go to the doctor or dentist." (Doc. no. 1, p. 5.) First, these allegations are simply too vague and conclusory to support any attempted § 1983 claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (holding that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"); see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted). Moreover, Plaintiff fails to allege any facts suggesting that he suffered from any objectively serious medical need or that Defendants acted with deliberate indifference to that need by disregarding an excessive risk of which they were actually aware. Because both of these elements are required for a valid Eighth Amendment deliberate indifference claim, Plaintiff's complaint fails to state such a claim. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Thomas v. Bryant, 614 F.3d 1288,

4

1304 (11th Cir. 2010).

### C. No Due Process Claim for Mishandling of Grievances

Plaintiff's allegation that Jail officials refused to provide him with information needed to file a grievance is likewise insufficient to state a cognizable § 1983 claim. (Doc. no. 1, p. 5.) Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*). Therefore, Plaintiff's allegations regarding Jail officials' purported interference with his access to the grievance procedure fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

### D. No § 1983 Claim Against Defendant Cartledge for Deprivation of Property

Plaintiff's allegation that Defendant Cartledge took stamps from him also fails to state a viable § 1983 claim. The Eleventh Circuit Court of Appeals has explained that the

State's seizure and retention of an individual's property does not give rise to liability under § 1983 "if a meaningful postdeprivation remedy for the loss is available." Lindsey v. Storey, 936 F.2d 554, 560 (11th Cir. 1991) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). For example, where state law provides an adequate postdeprivation remedy for the loss of property, a § 1983 due process claim will not lie. Id. (holding that existence of Georgia state law claim for conversion of property precluded § 1983 due process claim against state officers for unlawfully seizing and retaining plaintiff's property); see also Morefield v. Smith, 2010 U.S. App. LEXIS 25279, at *3 (11th Cir. Dec. 9, 2010) (*per curiam*) (rejecting § 1983 due process claim against prison officials for seizure of plaintiff's property where plaintiff "had an adequate post-deprivation remedy under state law because he could pursue a tort action for conversion of his personal property").

Here, Plaintiff has failed to state a § 1983 claim for violation of his due process rights because Georgia law provides an adequate postdeprivation remedy for the loss of his property. As noted by the Eleventh Circuit Court of Appeals in Lindsey, O.C.G.A. § 51-10-1 provides a postdeprivation remedy in the form of a statutory state law conversion action. 936 F.2d at 561. Moreover, this state law authorizes claims against state officials for wrongfully depriving an individual of personal property. Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (noting that O.C.G.A. § 51-10-1 constitutes "an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law"). Because Georgia law provides Plaintiff with an adequate postdeprivation remedy, Plaintiff's

6

allegation of wrongful seizure and retention of his personal property fails to state a viable § 1983 claim.

### E. No Claim Against Defendants Williamson and Durden

Finally, Plaintiff fails to state a viable § 1983 claim against Defendants Williamson and Durden. Of note, Plaintiff fails to mention these Defendants in his complaint aside from naming them in the caption. (See doc. no. 1.) However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between Defendants Williamson and Durden and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants.

Moreover, Plaintiff's claims against Defendants Williamson and Durden are also inadequate to the extent that Plaintiff is attempting to hold them liable for the conduct of

7

lower-level prison officials, including Defendant Cartledge.[3] "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, Plaintiff does not allege that Defendants Williamson and Durden actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between Defendants Williamson and Durden and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor [or employer] on notice of the need to

---

[3]In any event, Plaintiff's allegations fail to state a claim upon which relief may be granted against Defendant Cartledge, as discussed above. See supra Part II.D.

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

8

correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Williamson and Durden. As a result, he fails to state a claim upon which relief can be granted against them.

In sum, Plaintiff's allegations fail to state a § 1983 claim upon which relief may be granted. Therefore, Plaintiff's complaint should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

9